UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
_____

HOLLY L. COOMBER and SALLY RODRIGUEZ,

                        Plaintiffs,

  -against-

                                                                    COMPLAINT
                                                                     10-CV-4444 , J.T.S.

Corrections Officer JORGE COREANO, NIKKIA M.      ECF CASE
LEGGETT, ANDREW M. YOUNG, HERMINIO
MALDONADO, Corrections Officer VELEZ,
Corrections Sergeant TIMOTHY J. TABERSKI
and Superintendent ADA PEREZ of the New York
State Department of Correctional Services,
Individually and in their official capacities,

                        Defendants.
_____


PRELIMINARY STATEMENT

       1.      This is a civil rights action by two state prison inmates, pursuant to 42 U.S.C. Section 1983.  Plaintiffs seek injunctive relief, compensatory and punitive damages for an unprovoked, wanton and unjustified attack, maliciously inflicted upon them by defendants COREANO, LEGGETT, YOUNG, VELEZ and MALDONADO at the Bedford Hills Correctional Facility [hereinafter "Bedford"], on June 2, 2007, at approximately 2:45 p.m.  The defendants' actions, as alleged herein, violated plaintiffs' rights under the Eighth and Fourteenth Amendments of the United States Constitution.

       2.      Plaintiffs also seek compensatory and punitive damages pursuant to 42 U.S.C. Section 1983 for defendants LEGGETT, YOUNG, VELEZ, MALDONADO, TABERSKI and PEREZ's failure to intervene and protect plaintiffs from the use of excessive force which defendants observed, had

the opportunity to prevent and failed to stop at Bedford on June 2, 2007, in violation of plaintiffs' rights under the Eighth and Fourteenth Amendments of the United States Constitution.

3. Plaintiffs also seek compensatory and punitive damages pursuant to 42 U.S.C. Section 1983 for defendants TABERSKI and PEREZ's failure to properly supervise subordinate officers in such a way as to prevent the use of unnecessary and excessive force against plaintiffs, in violation of plaintiffs' rights under the Eighth and Fourteenth Amendments of the United States Constitution.

## JURISDICTION

4. This Court has jurisdiction of plaintiffs' Federal claims pursuant to 28 U.S.C. §§ 1331, 1343 (a) (3) and (4).

## PARTIES

5. Plaintiffs are citizens of the United States, presently in custody of the New York State Department of Correctional Services [hereinafter "DOCS"]. Plaintiff COOMBER, 06-G-0893, is in custody at Bedford Hills Correctional Facility, 247 Harris Road, Bedford Hills, New York 10507-2400. Plaintiff RODRIGUEZ, 99-G-1234, is in custody at Albion Correctional Facility, 3595 State School Road, Albion, New York 14411-9399. Both plaintiffs were inmates confined to Bedford on June 2, 2007.

6. Defendants COREANO, LEGGETT, YOUNG, VELEZ and MALDONADO were, on the dates and times hereinafter mentioned, employed by DOCS as corrections officers at Bedford.

7. Defendant TABERSKI was, on the dates and times hereinafter mentioned, employed by DOCS as a corrections sergeant at Bedford.

8. Defendant PEREZ was, on the dates and times hereinafter mentioned, employed by

DOCS as the Superintendent of Bedford.

9. At all times relevant to the events described herein, defendants were employed by and acting under color of the law of the State of New York.

## STATEMENT OF FACTS

10. On June 2, 2007, at approximately 2:45 p.m., plaintiffs were in a recreational yard at Bedford for afternoon recreation.

11. There were approximately one hundred or more inmates in the yard with plaintiffs at that time. There were approximately five guards inside the lobby at the entrance to the yard. Defendant COREANO was in the yard making rounds with no other officers present.

12. Defendant COREANO has a history of harassing and demeaning plaintiff RODRIGUEZ that was known to other inmates and staff at Bedford.

13. At the approximate time and date above, defendant COREANO approached plaintiff RODRIGUEZ and began yelling and gesturing at her in a threatening manner.

14. Plaintiff COOMBER was standing next to plaintiff RODRIGUEZ and did not move out of the way when defendant COREANO came toward plaintiff RODRIGUEZ, even though defendant COREANO began yelling at her too.

15. Plaintiff RODRIGUEZ situated herself between plaintiff COOMBER and defendant RODRIGUEZ and requested that he calm down.

16. While still in an agitated state, defendant COREANO yelled at plaintiff COOMBER, telling her that if she acted like a man, he would treat her like a man.

17. Defendant COREANO then violently struck plaintiff COOMBER in the face with a closed fist, knocking her off her feet and onto the ground.

18. Defendant COREANO also punched plaintiff RODRIGUEZ in the side of the face and pushed her on the ground on top of plaintiff COOMBER.

19. After attacking plaintiffs, defendant COREANO called other officers for assistance.

20. Defendants LEGGETT, YOUNG, VELEZ and MALDONADO were among the responding officers who arrived on the scene first. They proceeded to aid defendant COREANO by punching and kicking plaintiffs, by holding them on the ground and by applying various body holds or mechanical restraints.

21. Defendant COREANO kicked plaintiff Coomber and jumped on her leg, breaking the leg brace that she wears.

22. Defendants LEGGETT, YOUNG, VELEZ and MALDONADO failed to prevent defendant COREANO from continuing his unprovoked and excessive use of force against plaintiffs.

23. After defendants had held down or assaulted both plaintiffs for a time, defendant TABERSKI, the supervising DOCS sergeant, appeared on the scene and ordered that plaintiffs be taken out of the yard.

24. Both plaintiffs were given disciplinary sanctions, including time in the Special Housing Unit [hereinafter "SHU"], as a result of the incident, in spite of their complete lack of misbehavior.

25. Although numerous inmate grievance complaints were filed by eye witnesses to the assault on plaintiffs, no disciplinary action was taken against any of the corrections officers involved.

26. Defendant COREANO initiated the entirely unprovoked use of force against plaintiffs and solicited the participation of defendants LEGGETT, YOUNG, VELEZ and MALDONADO.

27. Defendants COREANO, LEGGETT, YOUNG, VELEZ and MALDONADO used unreasonable and excessive force in attacking and restraining plaintiffs.

28. Defendants LEGGETT, YOUNG, VELEZ and MALDONADO failed to prevent the vicious and malicious attack against plaintiffs by defendant COREANO, including kicking, stomping or jumping on plaintiff COOMBER's leg so hard that her leg brace broke.

29. Defendants PEREZ and Taberski failed to oversee their subordinate corrections officers and permitted defendant COREANO to conduct rounds in the yard alone without other officers present in spite of the fact that defendant COREANO had harassed inmates in the past and was specifically known to harass plaintiff RODRIGUEZ.

30. In spite of numerous grievances and letters by inmates at Bedford after the incident at issue, defendant PEREZ allowed defendant COREANO to continue to have contact with plaintiffs, thereby enabling him to continue harassing them, threatening them, and generally building tension within the facility.

31. Defendant PEREZ failed to ensure that a proper and thorough investigation took place, causing both plaintiffs to spend undeserved time in punitive segregation, and failed to remove defendant COREANO from contact with inmates, or to administer any punishment to the corrections officers involved in the unwarranted assault on plaintiffs.

32. As a result of the assault on June 7, 2007, and the subsequent physical restraint by defendants COREANO, LEGGETT, YOUNG, VELEZ and MALDONADO, plaintiff COOMBER suffered a dislocated shoulder, back problems, an exacerbation of an old leg and knee injury, wrist bruises and numerous cuts, scrapes and contusions.  Furthermore plaintiff COOMBER was subject to pain which continues to this date and is unable to ambulate freely or squat since the time of the assault because of the damage caused to her leg by defendants. Plaintiff COOMBER also suffered an aggravation of her mental illness, severe post-traumatic stress disorder [hereinafter "PTSD] and anxiety

and had to spend unwarranted time in SHU as a result of the above incident. Plaintiff COOMBER had to have a new leg brace made in order to replace the brace broken by defendant COREANO when he jumped on her leg.

33. As a result of the assault on June 2, 2007, plaintiff RODRIGUEZ suffered a back injury, an aggravation of her PTSD and anxiety, as well as physical injuries including cuts, abrasions, scrapes and contusions. Plaintiff RODRIGUEZ spent unwarranted time in SHU as a result of the above incident.

34. Plaintiff COOMBER filed a grievance on or about June 19, 2007, numbered BH-15226-07. Her grievance was denied and she appealed to the Central Office Review Committee [hereinafter "CORC"] on or about July 9, 2007. Her appeal was denied by CORC on or about August 8, 2007, and CORC reported they forwarded it to the Office of the Inspector General. On or about July 19, 2007, she also appealed directly to defendant PEREZ, who duly forwarded the grievance to the Inspector General.

35. On or about June 20, 2007, plaintiff RODRIGUEZ filed a grievance describing the above incident. No decision was ever made on the grievance and apparently it was never recorded.

36. The June 2, 2007 incident was subject to an in-house facility investigation and an investigation by the Inspector General but no apparent action was ever taken.

37. Upon information and belief, plaintiffs have exhausted their administrative remedies and the investigations which could have been triggered by a grievance were in fact conducted and completed.

## LEGAL CLAIMS

### FIRST CLAIM - EXCESSIVE FORCE

38. Under the Eighth and Fourteenth Amendments of the United States Constitution, plaintiffs

have a right to be free from cruel and inhuman punishment.

39. By his actions of maliciously and sadistically assaulting plaintiffs in the yard at Bedford on June 2, 2007, with no provocation, and by soliciting other correctional officers to join in the assault on plaintiffs, defendant COREANO, as an employee of DOCS, violated plaintiffs' Eighth and Fourteenth Amendment rights.

40. By their actions of continuing the assault while pinning plaintiffs on the ground when neither plaintiff was resisting, and by wrenching plaintiff COOMBER's arm so hard during the restraint that her shoulder was injured and dislocated, defendants LEGGETT, YOUNG, VELEZ and MALDONADO also violated plaintiffs' right to be free from cruel and inhuman punishment.

## SECOND CLAIM - FAILURE TO INTERVENE

41. Corrections officers and other staff have a duty under the Eighth and Fourteenth Amendments to intervene to prevent or terminate the use of excessive force against inmates, so long as they have a reasonable opportunity to do so.

42. By failing to intervene to prevent, terminate or attempt to prevent or terminate the assault upon plaintiffs in spite of having a reasonable opportunity to do so, defendants LEGGETT, YOUNG, VELEZ, MALDONADO and TABERSKI each violated plaintiffs' constitutional rights to be free from cruel and unusual punishment at the hands of prison officials as guaranteed by the Eighth and Fourteenth Amendments.

## THIRD CLAIM - SUPERVISORY LIABILITY

43. Prison officials with supervisory responsibility over subordinate officers have a duty under the Eighth and Fourteenth Amendments to supervise their subordinate officers in such a way as to

prevent the use of unnecessary and excessive force against inmates.

44. Defendants TABERSKI and PEREZ had a duty to properly supervise and manage the subordinate corrections officers to prevent the use of excessive or unnecessary force against plaintiffs in the normal operation of the facility.

45. By allowing defendant COREANO, who was known to harass, abuse and intimidate plaintiff RODRIGUEZ, to have unsupervised contact with her and to continue to permit him to harass and abuse both plaintiffs after the incident, defendants PEREZ and TABERSKI were grossly negligent in the management of subordinate corrections officers, and deliberately indifferent to plaintiffs' health and safety, in violation of plaintiffs' Eighth and Fourteenth Amendment rights.

**WHEREFORE**, plaintiffs request that this Court:

1. Declare that the acts alleged herein are in violation of plaintiffs' rights under the Constitution and laws of the United States;

2. Award plaintiffs reasonable compensatory damages against defendants, jointly and severally, to compensate plaintiffs for pain, suffering, mental distress and other hardships arising from defendants' actions;

3. Award plaintiffs punitive damages;

4. Award the plaintiffs the costs of this action, including reasonable attorney's fees;

5. Issue a restraining order to prevent defendant COREANO from having any further contact with either plaintiff or from working in any correctional facility with female inmates; and

6. Grant such other and further relief as the Court deems just and proper.

DATED: June 3, 2010                                  s/
                                                    _____
                                                    Dianna Goodwin, of counsel
                                                    Bar Code DG1428

Karen Murtagh-Monks, Executive Director
Prisoners' Legal Services of New York
41 State Street, Suite M112
Albany, New York 12207
(518) 438-8046
dgoodwin@plsny.org